# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHILDREN'S HOSPITAL ASSOCIATION OF TEXAS; CHILDREN'S HEALTH CARE d/b/a CHILDREN'S HOSPITAL AND CLINICS OF MINNESOTA; GILLETTE CHILDREN'S SPECIALTY HEALTHCARE; CHILDREN'S HOSPITAL OF THE KING'S DAUGHTERS, INCORPORATED; SEATTLE CHILDREN'S HOSPITAL,<br><br>                      Plaintiffs,<br><br>    v.<br><br>THOMAS E. PRICE, in his official capacity, Secretary, Department of Health and Human Services; SEEMA VERMA, in her official capacity, Administrator, Centers for Medicare and Medicaid Services; and the CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>                      Defendants. | Case No.: 1:17-cv-00844-EGS |

## PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65.1(c), and for the reasons stated in its supporting memorandum, filed contemporaneously herewith, Plaintiffs hereby respectfully move the Court for a preliminary injunction enjoining Defendants—on a nationwide basis—from enforcing, applying, or implementing (or requiring any state to enforce, apply, or implement) a final rule titled "Medicaid Program: Disproportionate Share Hospital Payments – Treatment of Third Party Payers in Calculating Uncompensated Care Costs" promulgated by Defendant Centers for Medicaid and Medicare Services ("CMS") (the "Final Rule").  82 Fed. Reg. 16114, 16117 (April 3, 2017).

Plaintiffs' emergency request seeks to bar the enforcement of the Final Rule during the pendency of this litigation, in which Plaintiffs have alleged: (1) that Defendants acted in excess of statutory jurisdiction, authority, or short of statutory right in promulgating the Final Rule, in violation of 5 U.S.C. § 706(2)(C); and (2) that the Final Rule is arbitrary, capricious, or otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2)(A). The Final Rule has nationwide affect and applicability. Therefore, until these claims are fully resolved on the merits, Plaintiffs respectfully request that the Court enjoin Defendants—on a nationwide basis—from enforcing, applying, or implementing (or requiring any state to enforce, apply, or implement) the Final Rule.

The harm to Plaintiffs is imminent and irreparable. The audits of DSH funds received in 2014 are well underway and will be finalized within a few months and reported to CMS shortly thereafter. Once reported to CMS, the states will be compelled by the Final Rule to recoup overpayments identified, which for Plaintiffs will collectively total $75 million. As both this Court and the United States District Court for the District of New Hampshire court found, the harm is irreparable because any monies recouped could not be recovered. *Texas Children's Hosp. v. Burwell*, 76 F. Supp. 3d 224, 242 (D.D.C. 2014); *N.H. Hosp. Ass'n v. Burwell*, Civ. No. 15-cv-460-LM, 2016 WL 1048023, at *17-18 (D. N.H. Mar. 11, 2016). In addition, state Medicaid agencies are in the process of determining DSH payment allotments for the next fiscal year and will be compelled by the Final Rule to include third-party payments in the HSL calculation thereby artificially deflating Plaintiffs' HSLs and denying Plaintiffs millions of dollars in 2017-2018 DSH payments.

The text of a proposed order for the requested relief is submitted contemporaneously herewith.

**Plaintiffs' Request for a Hearing**.  Under Local Rule 65.1(d), Plaintiffs respectfully request that the Court set an expedited hearing on Plaintiffs' Application for a Preliminary Injunction at the Court's earliest convenience, but no later than 21 days after the filing of Plaintiffs' Application.  LCvR 65.1(d).  A statement of facts which make expedition essential is contained in the attached Memorandum in Support of Plaintiffs' Application for a Preliminary Injunction.  *See* Memorandum in Support of Plaintiffs' Application for a Preliminary Injunction, filed concurrently herewith, at Statement of Facts, 9-11.

Dated:  May 15, 2017                            Respectfully submitted,

*/s/* Geraldine E. Edens
Geraldine E. Edens
D.C. Bar No. 437056
Christopher H. Marraro
D.C. Bar No. 395152

**Baker & Hostetler LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC  20036-5304
Telephone:   (202) 861-1500
Facsimile:    (202) 861-1783
gedens@bakerlaw.com
cmarraro@bakerlaw.com

Susan Feigin Harris (admitted *pro hac vice*)
Texas Bar No.06876980

**Baker & Hostetler LLP**
811 Main St. Suite 1100
Houston, Texas 77002
Telephone: 713-646-1307
Facsimile: 713-751-1717
sharris@bakerlaw.com

*Attorneys for Plaintiffs Children's Hospital Association of Texas, Children's Health Care d/b/a Children's Hospitals and Clinics of Minnesota, Gillette Children's Specialty*

*Healthcare, Children's Hospital of the King's Daughters, Incorporated, and Seattle Children's Hospital*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 15th day of May, 2017, a true and exact copy of Plaintiff's Application for a Preliminary Injunction was served via overnight delivery to:

Channing D. Phillips
United States Attorney's Office
555 4th Street, NW
Washington, D.C.  20530

                                              */s/* Geraldine E. Edens
                                                  Geraldine E. Edens